Philip C. Alexander; SBN 235216
Ryan D. Harris, SBN 217154
Harris Personal Injury Lawyers, Inc.
301 Mission Avenue, Suite 203
Oceanside, CA 92054
Telephone: (760) 231 9970
Fax: (760) 231 9919
palexander@harrispersonalinjury.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.C., a minor, by and through her Guardian Ad Litem, VANESSA HUCKABA,<br><br>Plaintiff,<br><br>vs.<br><br>MELANIE VEJMOLA, an individual; LHM HOLDINGS LLC; LINCOLN PROPERTY COMPANY; LMH SAN DIEGO PROPERTY MANAGEMENT GP INC.; LINCOLN MILITARY PROPERTY MANAGEMENT LP; UNITED STATES OF AMERICA; and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. '17CV0683 LAB NLS<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiff K.C., a minor, by and through her Guardian Ad Litem, VANESSA HUCKABA ("Plaintiff") alleges as follows:

### I.  JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which provides that United States District Courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages" and which vests exclusive subject matter jurisdiction of the Federal Tort Claims litigation in the Federal District Court.

///

2. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1402(b) because the negligent acts giving rise to the Federal Tort Claim alleged herein occurred within the Southern District of California, and the Plaintiff resides within the Southern District.

3. Pursuant to 28 U.S.C. § 2675(a), Plaintiff presented a separate and individual administrative claim to Defendant UNITED STATES OF AMERICA. This claim was presented on or about April 12, 2016, more than six months from the current date. Defendant UNITED STATES OF AMERICA denied the claim on November 1, 2016.

## II.    PARTIES

4. Plaintiff hereby incorporates by reference paragraphs 1 through 3 as though fully set forth herein.

5. Plaintiff is a natural person and United States citizen who, at all times herein relevant, has resided in San Diego County, California.

6. Defendant MELANIE VEJMOLA ("Defendant VEJMOLA) is an individual residing in the County of San Diego, California.

7. Defendant LMH HOLDINGS LLC ("Defendant LMH") is a Delaware limited liability company doing business in the County of San Diego, California.

8. Defendant LINCOLN PROPERTY COMPANY ("Defendant LPC") is a Texas corporation doing business in the County of San Diego, California.

9. Defendant LMH SAN DIEGO PROPERTY MANAGEMENT GP INC. ("Defendant LMH SD") is a Delaware corporation doing business in the County of San Diego, California.

10. Defendant LINCOLN MILITARY PROPERTY MANAGEMENT LP ("Defendant LMPM") is a Delaware limited partnership doing business in the County of San Diego, California.

11. Defendant UNITED STATES OF AMERICA ("Defendant USA"), by and through its agents, servants, workers, ostensible agents and employees owned and operated military housing in Camp Pendleton, California.

///

12. Plaintiff is unaware of the names and capacities of Defendants Does 1 through 20 inclusive, and therefore sues them by fictitious names. Plaintiff will amend her Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed, believes and thereon alleges that each of these Defendants is responsible in some manner for the wrongful acts alleged in her Complaint, and proximately caused Plaintiff's damages.

13. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants, and each of them, were and are the agents and employees of the remaining Defendants and were and are at all times herein relevant, acting within the course and scope of said agency and employment and that each Defendant has ratified and approved the acts of his/her/its agent.

14. At all times herein mentioned, each of the Defendants sued herein was the agent, servant, employee and/or joint venturer of each of the remaining Defendants and was at all times acting within the course and scope of such agency, employment and/or venture with the full knowledge, consent, authority, ratification and/or permission of each of the remaining Defendants.

### III.  LIABILITY OF DEFENDANT USA

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

16. The liability of Defendant USA, and the liability of its agents, is predicated specifically on 28 U.S.C. §§ 1346(b) and 2674 because the personal injuries, and resulting damages of which complaint is herein made, were proximately caused by the negligence, wrongful acts, and/or omissions of employees of Defendant USA, by reason of the acts of Defendant USA, through their employees and agents, in Camp Pendleton, in the County of San Diego, California, while acting within the course and scope of their employment, under circumstances where Defendant USA, if private persons, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of California.

///

17. Defendant USA, at all times material hereto, owned operated, and controlled military housing and management at Camp Pendleton, California.

18. This is an action brought under the Federal Tort Claims Act for personal injuries arising out of a child-care incident that occurred on October 11, 2015 at Lincoln Military Housing on Camp Pendleton, California. This location is within the Southern District of California.

### IV.   FACTUAL ALLEGATIONS

19. Plaintiff hereby incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20. At all times herein mentioned, "Defendants" refer to Defendants MELANIE VEJMOLA, LMH HOLDINGS LLC, LINCOLN PROPERTY COMPANY, LMH SAN DIEGO PROPERTY MANAGEMENT GP INC., LINCOLN MILITARY PROPERTY MANAGEMENT LP, THE UNITED STATES OF AMERICA, and DOES 1 through 20.

21. At all times herein mentioned, Defendant VEJMOLA resided in Lincoln Military Housing.

22. Prior to the subject incident, Defendant VEJMOLA began operating an unlicensed child care program and business at her residence in Lincoln Military Housing.

23. At all times herein mentioned Defendant LMH, Defendant LPC, Defendant LMH SD, Defendant LMPM, Defendant USA, and DOES 1-20 managed, owned, controlled, and/or operated Lincoln Military Housing on Camp Pendleton.

24. Prior to the subject incident, Defendant LMH, Defendant LPC, Defendant LMH SD, Defendant LMPM, Defendant USA, and/or DOES 1-20 were notified on several occasions that Defendant VEJMOLA was operating an unlicensed child care program and business out of her residence.

25. Upon information and belief, on or about October 11, 2015, Defendant VEJMOLA violently shook the minor child, causing serious injuries to Plaintiff.

///

///

## V.   FIRST CAUSE OF ACTION

## NEGLIGENCE

*(As to All Defendants)*

26.   Plaintiff hereby incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27.   Defendant VEJMOLA undertook the responsibility to care for the minor Plaintiff, and by so doing, owed Plaintiff a duty to protect her from harm and to provide adequate care and supervision.

28.   Defendant VEJMOLA breached the duty of care owed to Plaintiff when she allowed Plaintiff to be harmed and failed to provide adequate care and supervision.

29.   Defendant LMH, Defendant LPC, Defendant LMH SD, Defendant LMPM, Defendant USA, and DOES 1-20 were responsible for the administration, maintenance, operation, staffing, training, supervision, and oversight of housing at Lincoln Military Housing on Camp Pendleton. As a result, they had a duty and responsibility to adequately and properly manage, supervise, and monitor the residences as well as investigate any reported infractions, violations, illegal operations, unlicensed operations, unlicensed facilities, and/or unlicensed child care services occurring at these residences.

30.   Defendant LMH, Defendant LPC, Defendant LMH SD, Defendant LMPM, Defendant USA, and DOES 1-20 negligently breached those duties by failing to adequately, properly, and timely manage, supervise, and monitor the residences and for further failing to timely and promptly investigate reported violations and infractions occurring at the residences after receiving sufficient notice prior to October 11, 2015, and taking the necessary steps to prevent the incident that occurred, as alleged herein.

31.   Defendant LMH, Defendant LPC, Defendant LMH SD, Defendant LMPM, Defendant USA, and DOES 1-20 negligently breached those duties further by failing to adequately and properly train their agents, employees, and/or independent contractors to promptly and timely investigate reported violations and infractions occurring at the residences after receiving sufficient notice, and taking the necessary steps to prevent the incident that

occurred, as alleged herein.

32. Defendant LMH, Defendant LPC, Defendant LMH SD, Defendant LMPM, Defendant USA, and DOES 1-20 negligently failed to implement and/or enforce any policies or procedures aimed to prevent the unlicensed operation of child care in the residences, subjecting minor children to abuse and inadequate care and supervision.

33. Had Defendant LMH, Defendant LPC, Defendant LMH SD, Defendant LMPM, Defendant USA, and DOES 1-20 adequately and properly trained, managed, supervised, or monitored the residences as well investigated any alleged and reported violations, the minor Plaintiff would not have been harmed.

34. As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great mental, physical and emotional distress and pain and suffering. Plaintiff is informed, believes and thereon alleges, that said injuries will result in some permanent disability to said Plaintiff, all to her general damages in an amount to be proven at trial.

35. As a proximate result of the negligence of the Defendants, and each of them, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

36. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

## VI. SECOND CAUSE OF ACTION
## BATTERY
*(As to Defendant Vejmola)*

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

///

///

38. On October 11, 2015, Defendant VEJMOLA, by her conduct, intended to make and did make, harmful contacts with the minor Plaintiff, shaking her violently. At no time did the minor Plaintiff constructively or otherwise, consent to such contact or abuse, nor could Plaintiff have consented to the contact and abuse.

39. As a direct and legal result of Defendant VEJMOLA's wrongful, tortious, and unlawful contact, Plaintiff has incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial

40. As a direct and legal result of Defendant VEJMOLA's wrongful, tortious, and unlawful contact, the minor Plaintiff has suffered extreme physical, mental, and emotional distress and injuries, in an amount to be proven at trial.

**JURY DEMAND**

41. Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. General damages to Plaintiff, according to proof;
2. Economic damages to Plaintiff, according to proof,
3. Medical and related expenses of Plaintiff, according to proof;
4. Costs of suit herein;
5. Prejudgment interest; and
6. Such other further relief as the Court deems just and proper.

DATED: April 5, 2017                          Harris Personal Injury Lawyers, Inc.


By: /s Philip C. Alexander
Philip C. Alexander

Attorney for Plaintiff/Petitioner
Email: palexander@harrispersonalinjury.com