# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.C., a minor,<br><br>                      Plaintiff,<br>v.<br>MELANIE VEJMOLA, et al.,<br>                      Defendants. | Case No.: 17cv683-LAB (NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    Plaintiff K.C., a minor proceeding through her guardian ad litem Vanessa Huckaba, brought this action against Melanie Vejmola, three property management companies (Lincoln Property Company, LMH San Diego Property Management GP Inc., and Lincoln Military Property Management LP), and the United States.

    According to the amended complaint ("FAC"), Vejmola was operating an unlicensed child care program at her residence at Lincoln Military Housing on Camp Pendleton, and the other Defendants knew about it. K.C. was injured on October 11, 2015 when Vejmola violently shook her.

    The FAC identifies a claim under the Federal Tort Claims Act (FTCA) as the basis for this Court's exercise of jurisdiction. It says an administrative claim was presented to the United States on April 12, 2016 and denied on November 1, 2016.

The United States moved to dismiss the action as it pertains to the United States, *i.e.*, the FTCA claim. The motion contends that the FAC does not meet the pleading standard under Fed. R. Civ. P. 8. Specifically, it argues that "FAC provides only conclusory statements regarding potential negligence and vicarious liability." It points out that the FAC does not reasonably identify "what specific conduct, if any, the United States is being accused of." It argues that the FAC does not adequately identify what each of the three property companies did, and what notice they were given. And it argues the FAC does not allege facts reasonably suggesting that the United States should be held liable for Plaintiff's injuries.

**Legal Standards**

A motion to dismiss challenges the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). The Court must accept all factual allegations as true and construe them in the light most favorable to Plaintiffs. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). The Court does not weigh evidence or make credibility determinations. *Acosta v. City of Costa Mesa*, 718 F.3d 800, 828 (9th Cir. 2013).

The well-pleaded facts must do more than permit the Court to infer "the mere possibility of misconduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To defeat the motions to dismiss, the factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, a plaintiff must plead facts, not mere "labels and conclusions." *Id.* Legal conclusions, unlike facts, are not presumed to be true and the Court need not accept them as such or rely on them even if they are cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

In assessing the adequacy of a complaint, the Court must look at the complaint itself, and not to explanations provided in the opposition. New or

expanded allegations in opposition to a motion to dismiss are considered when deciding whether to grant leave to amend, but are not considered when ruling on a 12(b)(6) motion. *See Schneider v. Cal. Dep't of Corr. & Rehab.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). *See also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

When a complaint is dismissed for failure to state a claim, ordinarily leave to amend is granted. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). But leave to amend will be denied where it is clear the complaint cannot be saved by amendment. *Id.*

The FTCA waives sovereign immunity for certain torts committed by federal employees, and provides that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. The law the Court applies to determine the United States' liability is the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). In other words, under the FTCA, "the United States waives sovereign immunity 'under circumstances' where local law would make a private person liable in tort." *United States v. Olson*, 546 U.S. 43, 44–45, (2005).

The "private person" requirement means that the United States cannot be liable for "uniquely governmental functions." *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955). The Court therefore looks to the state law governing liability of private persons, not public entities, when assessing liability under the FTCA. *Olson* at 46 (citing *Indian Towing* at 64). The "like circumstances" provision, however, means that the government employee need not be performing a function that is also performed by private persons. *Olson* at 46–47. Rather, the function must be analogous to that performed by some private persons. *Id.*

**Discussion**

Although Plaintiff's opposition cites the new *Twombly* standard, it also cites the old standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45 (1957), under which

3
17cv683-LAB (NLS)

complaints were not to be dismissed unless it appeared "beyond doubt" that the plaintiff could prove "no set of facts" that would entitle her to relief. *Twombly* rejected that standard, and it has not been good law since 2007. *Twombly*, 550 U.S. at 561–62.

The FAC includes factual allegations to plead a tort claim against Vejmola. The harder challenge is to find a connection between Vejmola and the three property companies, and by extension, the United States.

The FAC attempts to do this by alleging that all the Defendants are agents and employees of each other, and that each of them ratified and approved the acts of the others. (FAC, ¶¶ 13–14.) This is purely a legal conclusion, unsupported by any factual allegations. *See Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1025 n.5 (9th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678) (holding that similar allegations of agency or employment were conclusory, and declining to credit them). If anything, the factual allegations suggest that in her role as child care worker, Vejmola was not operating at their behest, on their behalf, or under their direction. (*See id.*, ¶¶ 24 (alleging that the property companies and the United states "were notified on several occasions" about Vejmola's activities), 30–33 (alleging that the United States and the property companies failed to monitor or investigate what was taking place in the residences).) The FAC does not allege why Vejmola was living in military housing on Camp Pendleton (*i.e.*, whether she was a military employee, a military dependent, etc.) But it does make clear the property was residential. In other words, it was not leased or otherwise provided as a business or other place of public accommodation.

If Vejmola was an employee or agent of the United States for FTCA purposes, the FAC has not alleged facts to establish that. This leaves the property companies as the only possible employees or agents of the United States through which the United States' liability could be established.

/ / /

4

The property companies can fairly be understood to be agents of the United States, because they are alleged to have managed, owned, and operated military housing on Camp Pendleton. (FAC, ¶ 23.) But their connection to the injury is much more attenuated. According to the FAC, the property companies had a duty to monitor and police what was occurring in the residences on base, including shutting down unlicensed child care operations. (*Id.*, ¶ 29, 32, 33.) This too is a purely legal conclusion. *See Armstrong v. United States*, 756 F.2d 1407, 1409 (9th Cir. 1985) ("The existence and extent of a duty of care are questions of law . . . ."); *Fimbres v. Chapel Mortg. Corp.*, 2009 WL 4163332 at *7 (S.D. Cal., Nov. 20, 2009) (citing *Iqbal*, 556 U.S. 662) (holding that the allegation that defendants "owed a duty of care" was a legal conclusion that the court need not accept as true).

The property companies' role in this case, and by extension the United States' role, appears to be analogous to that of a landlord or property manager whose tenant engages in unlawful activities. In California, the traditional rule is that a landlord is not liable to third parties for activities on leased premises. *See Camacho v. Du Sung Corp.*, 121 F.3d 1315, 1317 (9th Cir. 1997) (citing 4 Witkin, *Summary of California Law, Real Property*, § 595 (9th ed. 1987)). Landlords may sometimes, however, be liable for failing to address the problem of a dangerous tenant on the property, if the harm is foreseeable. *See, e.g., Hawkins v. Wilton*, 144 Cal. App. 4th 936, 944 (Cal. App. 3 Dist. 2006); *Madhani v. Cooper*, 106 Cal. App. 4th 412, 415–16 (Cal. App. 2 Dist. 2003).

But the FAC does not allege facts sufficient to show foreseeability of harm. By itself, the failure of a child care business to be properly licensed does not necessarily mean it is dangerous, or that harm is foreseeable. *See, e.g., Rosas v. Dishong*, 67 Cal. App. 4th 815, 826 (Cal. App. 4 Dist. 1998) ("Work for which a license is required is not necessarily more dangerous than other tasks for which no license is required."); *Wysock v. Borchers Bros.*, 104 Cal. App. 2d 571, 582 (Cal. App. 1 Dist. 1951) ("The nonpossession of an operator's or chauffeur's

license is not of itself proof that a person is an incompetent or a careless driver.") While the FAC alleges the property companies and the United States were told that the business was unlicensed, there is no allegation they were told that it was dangerous, or that Vejmola had harmed or was likely to harm a child. As the United States correctly points out, the FAC only includes the conclusory allegation that they had "sufficient notice" and could have prevented the incident. (FAC, ¶ 30.)

Furthermore, some of the preventative measures the FAC suggests the property companies and the United States could and should have taken are not actions a landlord is obligated or empowered to carry out, such as supervising and monitoring residences, investigating and putting a stop to tenants' legal infractions, and the like. (FAC, ¶¶ 29–31.) Private landlords and property owners do not enjoy the same degree of police or investigative powers as do authorized government agents and entities. *See, e.g., Jordan v. Talbot*, 55 Cal.2d 597, 605 (1961) (noting that landlords are forbidden to disturb tenants' actual possession of property, except through legal process). The FAC is not very clear on the point of what the property companies neglected to do, but to the extent it involves a uniquely government function such as regulating, issuing orders, or directly enforcing compliance with a law or contract, it is not actionable under the FTCA.

Plaintiff's opposition makes some additional allegations, but those are not part of the FAC and the Court does not consider them when deciding whether to dismiss. *See Schneider*, 151 F.3d at 1197 n.1.

The opposition also summarily refers to facts it claims the government knows, and actual notice it claims the government had. (*See* Docket no. 25 at 5:2–5; 5:19–26.) Asserting that a defendant already knows the facts is not enough; if it were, *Iqbal* would not have rejected as inadequate the allegations about what the defendants knew and what they agreed to do. *See Iqbal*, 556 U.S. at 680–81. *See also N. Am. Catholic Educ. Programming Found., Inc. v. Womble, Carlyle, Sandridge & Rice, PPLC*, 887 F. Supp. 2d 78, 88 n.7 (D.D.C. 2012) ("Pleadings

should not boil down to: 'You did something wrong. You know what you did wrong. Now look through your files and refresh your memory.'") In other words, a plaintiff cannot circumvent pleading requirements by claiming that the defendant already knows the underlying facts.

**Conclusion and Order**

The FAC fails to plead facts sufficient to state a negligence claim against the United States, and fails to satisfy the pleading standard under Fed. R. Civ. P. 8, *Twombly*, *Iqbal*, and other applicable authority. Because it is not completely clear Plaintiff cannot successfully amend, the FTCA claim is **DISMISSED WITHOUT PREJUDICE**.

Because the Court's jurisdiction over the case depends on the existence of a federal question, and the only federal question is Plaintiff's FTCA, dismissal of the FTCA claim likely means the entire case will be dismissed without prejudice to its being refiled in state court.

If Plaintiff believes she can successfully amend the complaint, she may do so by filing a motion for leave to amend that complies with Civil Local Rule 15.1(b). The motion must be filed no later than **April 2, 2018**. **If she fails to file the motion within this time, this action will be dismissed without prejudice for lack of jurisdiction.** If the proposed second amended complaint fails to remedy the defects this order has identified, the Court may assume Plaintiff cannot successfully amend. If Plaintiff does not believe she can successfully amend her claim against the United States, she should file a notice of voluntary dismissal.

**IT IS SO ORDERED**.

Dated: February 27, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge