UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.C., a minor,<br><br>                           Plaintiff,<br><br>v.<br><br>MELANIE VEJMOLA, et al.,<br><br>                         Defendants. | Case No.: 17cv683-LAB (KSC)<br><br>**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT; AND**<br><br>**ORDER REQUIRING PLAINTIFF TO RESPOND TO MOTION FOR SUMMARY JUDGMENT** |

After the Court dismissed the complaint for failure to state a claim, Plaintiff filed a motion for leave to amend. Because the proposed amended complaint did not correct the defects in the dismissed complaint, the Court summarily denied that, but gave Plaintiff the opportunity to file a renewed *ex parte* motion for leave to amend. That motion (Docket no. 41) is fully briefed and is now pending. Although the proposed amended complaint depends heavily on an agreement known as the Certified Child Care Agreement ("CCC Agreement"), the agreement is not attached. The proposed amended complaint says that the CCC Agreement is not attached because Defendants have deemed it confidential. (Docket no. 41-1, at 7 n.1.) Instead, it says, "Plaintiff . . . will provide it for *in camera* review." (*Id.*) No copy of the CCC Agreement was lodged with the Court.

1

Whether the Court could even consider an unfiled document in this situation is a thorny question. Ordinarily the Court would require a plaintiff to present compelling reasons before it would consider such a document, because doing so effectively amounts to sealing part of a complaint  See *Williams & Cochrane, LLP v. Quechan Tribe of Ft. Yuma Indian* Reservation, 2017 WL 7362744, slip op. at *2 (S.D. Cal., Nov. 7, 2017) (discussing differing standards for sealing a complaint). But now Defendants have filed a motion for summary judgment. Plaintiff cannot avoid summary judgment by relying on mere allegations about the agreement and giving her opinion about its meaning and legal effect.

The summary judgment motion is directed alternatively at the first amended complaint, and at the proposed amended complaint. The first amended complaint, however, was already dismissed, and there is no pending complaint.  In the interests of economy, the Court **GRANTS** the request for leave to file a second amended complaint while reserving on the question of whether it can withstand dismissal, which the parties' briefing has addressed.  The Clerk is directed to terminate this motion. (Docket no. 41.)  Plaintiff shall promptly file her proposed amended complaint as the Second Amended Complaint.  The motion for summary judgment will be deemed to apply to this complaint.  The arguments raised in favor of or against leave to amend will be considered in connection with the summary judgment motion and need not be raised or addressed anew.  Plaintiff must timely file her written opposition to the summary judgment motion, and her failure to do so will be construed as her consent to the motion's being granted.  *See* Civil Local Rule 7.1(f)(3)(c).

In view of Defendants' arguments and evidence, it is apparent the SAC cannot survive dismissal based solely on its own conclusory allegations about the the meaning and legal effect of the CCC Agreement. In addition to addressing the rest of Defendants' motion, Plaintiff's opposition must also therefore either attach or incorporate <u>all</u> relevant portions of the Agreement that she relies on to establish

her claims. Among other things, she must show who the parties to the Agreement were. If she believes it cannot be filed, she should concurrently with her opposition file an *ex parte* motion for leave to file it under seal. Any such motion must satisfy the high standards for sealing documents attached to a dispositive motion. *See Kamekana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Among other things, the motion must show why lesser measures (such as redaction) would not be sufficient, and must permit the Court to make the detailed findings it must make before approving the filing of such a document under seal. Because sealing impinges on the public's right of access, the designation of a document as confidential by one or more parties, or even agreement among all parties, is not an adequate basis for sealing. *See id.* at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)) (holding that standards for sealing apply even to documents subject to a protective order).

Because sealing is a generally disfavored and onerous procedure, however, the parties are encouraged to find an alternative solution. The parties are also reminded that the Court's standing order requires submission of a joint statement of undisputed facts. *See* Standing Order in Civil Cases, ¶ 4(e).

**IT IS SO ORDERED**.

Dated: February 5, 2019

Hon. Larry Alan Burns
Chief United States District Judge